**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERDNI GARIA LIDZHIEV,

Petitioner,

v.

Case No. 1:26-cv-02581-MIS-KRS

WARDEN, Torrance County Detention Facility; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director of Enforcement and Removal Operations; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; and TODD BLANCHE, in his official capacity as U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Erdni Garia Lidzhiev's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 7, 2026. The federal Respondents filed a Response on August 19, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Russia who came to the United States on October 10, 2025, fearing persecution in his native land over his political beliefs and opposition to Russia's war in the

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

Ukraine. Pet. ¶¶ 16-17. The day after his entry, Petitioner was taken into custody by immigration officials near Rio Grande City, Texas, with immigration officials classifying him at the time as a "alien present in the United States who has not been admitted or paroled." Notice to Appear, ECF No. 6-3.

. In early November 2025, Petitioner passed a credible fear interview as part of his asylum application. Pet. ¶ 19. However, on December 19, 2025, an Immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Russia. Order of the Immigration Judge, December 19, 2025, ECF No. 6-4. Petitioner filed an appeal of that decision on January 20, 2026, and that appeal remains pending before the Board of Immigration Appeals. Pet. ¶ 20.

Petitioner has remained continuously detained since October 11, 2025, and is presently detained at the Torrance County Detention Center in Estancia, New Mexico. Id. ¶¶ 21-22. He has no reported criminal history. Id. ¶ 24.

On August 7, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus, ECF No. 1, to which the Government filed a Response on August 19, 2026, ECF No. 6.

**II. Legal Standard**

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in

custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention without a bond hearing violates his Fifth Amendment Due Process rights because immigration officials designated him as "present in the United States" when they apprehended him within the interior of the U.S., thus § 1226(a) should govern his detention. Pet. at 9. Further, Petitioner also argues his detention, which now exceeds ten months, has become unconstitutionally excessive in violation of his Fifth Amendment Substantive Due Process rights. Id. at 11. Thus, he asks the Court to order his immediate release. Id. at 13.

Respondents argue that § 1225(b) governs Petitioner's detention, and as such his detention is mandatory under statute. Resp. at 4-5. Further, Respondents appear to argue that the classification their own agents made when first detaining Petitioner—that he was "an alien present in the United States"— should be disregarded because of the short time between Petitioner's entry into the United States and his apprehension by immigration officials. Id.; Notice to Appear, ECF No. 6-3. Thus, they ask the Court to deny the Petition for habeas relief.

In Santillan Quiroz v. Mullin, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." No. 26-6019, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). Given that Petitioner was apprehended a day after he physically entered the United States and Respondents own agents initially classified Petitioner as "an alien present in the United States," the Court finds Respondents' argument unpersuasive and holds that 8 U.S.C. §

1226(a) governs Petitioner's detention. Further, the Court finds Petitioner's continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. Id. at *5, *16-17.

Additionally, and alternatively, the Court also finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, No. 2:26-cv-00550, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over ten months, with no reasonably foreseeable end in sight,[2] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas, 533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-

[2] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. See generally Resp. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Erdni Garia Lidzhiev from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE